Johnson, J.
delivered the opinion of the Court.
In all the variety of the pursuits of men there is none in which I believe they may not associate and form partnerships; and with respect to themselves they have a right to stipulate for any event or casualty that may arise. But in relation to the rest of the world, the nature and object of the association must determine, how far they are capable of binding each other. If the partnership is limited and special in its object, of course one cannot obtain a credit on the faith of the firm, in relation to a matter foreign to that object: but if the objects of the association are general, the power to bind is equally so. In short, the power to bind is in exact proportion to the extent, and nature, and object of the association. If two men were to associate together, and agree that they would jointly perform all work that might be confided to them, and that they would divide the proceeds equally; no person would trust one of them, on the credit of the other, for a valuable estate, or for an extensive stock of merchandize, for the obvious reason that these things are inconsistent with the object of the partnership. But if on the other hand they should unite all their wealth and their personal credit, and agree to share the profits and losses of planting, speculation, and trade, and of mechanical and professional pursuits, each would, for the same reason, be competent to bind the other, to the extent that the exigencies of all these various pursuits and avocations might require.
Bills of exchange and promissory notes are said to be the creatures of commerce; and it is in a good degree by their agency that commerce is sustained and kept alive. It would shake the commercial world to its ceutre, if they were now told, that one partner in trade was not capable of binding his firm by a promissory note. Credit is the wealth of the merchant: these instruments are those in common use amongst them as the evidence of debt, and as the medium of exchange and re-exchange; and without them they would find it difficult to manage their affairs.
*148 The ease of Foot v. Sabin, does not apply. There the note specified on its face that the firm was a “ surety.” Here nothing is stated in the note of the nature of the consideration. On its face it is a commercial security for the payment of money, entered into by merchants; and ' the plaintiff as the holder is in-titled to recover.
Decree affirmed.